Rachel B. Abrams (SBN 209316)
Meghan McCormick (SBN 283853)
LEVIN SIMES LLP
44 Montgomery Street, 32nd Floor
San Francisco, California, 94104
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: rabrams@levinsimes.com
Email: mmccormick@levinsimes.com

Lisa Ann Gorshe (Admitted *Pro Hac Vice*)
Michael K. Johnson (Admitted *Pro Hac Vice*)
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800;
Facsimile: (612) 436-1801
Email: lgorshe@johnsonbecker.com
Email:  mjohnson@johnsonbecker.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

Garry Lawrence Wolf Sr.

     Plaintiff,

    vs.

PFIZER, INC.;

    Defendant.

Case No.: _____ 3:16-cv-03779 _____

**COMPLAINT FOR DAMAGES**
1. **Unfair and Deceptive Trade Practices (Unfairness)**
2. **Unfair and Deceptive Trade Practices (Fraud)**
3. **Unfair and Deceptive Trade Practices (Unlawfulness)**
4. **Strict Liability – Defective Design**
5. **Strict Liability – Failure to Warn**
6. **Failure to Test**
7. **Negligence**
8. **Gross Negligence**
9. **Negligence Per Se**
10. **Breach of Express Warranty**
11. **Breach of Implied Warranty**
12. **Fraudulent Misrepresentation and Concealment**
13. **Negligent Misrepresentation and Concealment**
14. **Fraud and Deceit**
15. **Willful, Wanton, and Malicious Conduct**
16. **Unjust Enrichment**
<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, GARRY LAWRENCE WOLF SR., individually alleges:

## BACKGROUND

1.     This is an action for personal injuries and damages suffered by Plaintiff Garry Lawrence Wolf Sr. ("Plaintiff") as a direct and proximate result of Pfizer, Inc.'s ("Pfizer") negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of sildenafil citrate tablets sold under the brand name Viagra® ("Viagra").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California, and Pfizer maintains its principal place of business and residence outside of California.  The value of Plaintiff's claims exceeds the total of seventy-five thousand dollars ($75,000.00), exclusive of recoverable interest and costs.  None of the causes of action stated herein has been assigned or otherwise given to any other court or tribunal.

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1332(a)(2) because Pfizer is a resident of a foreign state and does substantial business within the State of California and in this Judicial District, and otherwise maintains the requisite minimum contacts within the State of California.  Additionally, Pfizer markets, advertises, distributes, sells, and receives substantial profits from the sales of Viagra in this District, and has and continues to conceal and make material omissions in this District, so as to subject it to *in personam* jurisdiction in this Judicial District.  A substantial part of the events and omissions concerning the claims of Plaintiff occurred within this District.  Furthermore, venue is proper in this District because Plaintiff purchased Viagra in this District.

## PARTIES

4.     Plaintiff, Garry Lawrence Wolf Sr., resides in the County of Yakima, State of Washington.

5.     Defendant Pfizer, Inc. is a Delaware corporation with its principal place of

Levin
Simes, LLP

business at 235 East 42nd Street, New York, New York, 10017. Defendant's registered agent is C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

6.     Pfizer, including its owners, employees, parent companies, subsidiaries, affiliates, and agents, developed, designed, manufactured, assembled, tested, inspected, marketed, promoted, advertised, warranted, distributed, sold, packaged, and/or provided warnings and instructions for Viagra.

7.     Pfizer conducts substantial business within California through the marketing, distribution, and sale of Viagra.

## **FACTS**

A.     <u>Background</u>

8.     On March 27, 1998, the U.S. Food and Drug Administration approved a new drug application ("NDA") from Pfizer Pharmaceuticals Production Corporation Limited for the manufacture and sale of sildenafil citrate.

9.     Sildenafil citrate, sold under the brand name Viagra, is an oral tablet prescribed to men with erectile dysfunction.

10.     Erectile dysfunction is the medical designation for a condition in which a man cannot achieve or maintain an erection sufficient for satisfactory sexual activity. Since achieving and/or maintaining an erection involves the brain, nerves, hormones, and blood vessels, any condition that interferes with any of these functional areas of the body may be causally related to an individual's erectile dysfunction. These problems become more common with age, but erectile dysfunction can affect a man at any age.

11.     Viagra treats erectile dysfunction by inhibiting the secretion of phosphodiesterase type 5 ("PDE5"), an enzyme responsible for the degradation of cyclic guanosine monophosphate ("cGMP"). When the cGMP is not degraded by the PDE5, smooth muscles in the corpus cavernosum relax; this, in turn, permits an inflow of blood to the corpus cavernosum, creating an erection.

12.     The National Institutes of Health estimate that erectile dysfunction affects as

many as thirty million men in the United States.[1]

B.   Prevalence of Viagra in Market

13.   In its 2013 Annual Report, Pfizer states that it accumulated revenue exceeding $1,800,000,000 from worldwide sales of Viagra. This statistic is particularly significant in light of the fact that Pfizer lost exclusivity of Viagra throughout Europe in 2013, which in itself led to a drop in profits from the previous calendar year.

14.   Viagra holds approximately 45% of the U.S. market share for erectile dysfunction medications.[2]

15.   Pfizer estimates that Viagra has been prescribed to more than 35 million men worldwide.[3]

16.   In 2012 alone, physicians wrote approximately eight million prescriptions for Viagra.[4]

C.   Pfizer's Knowledge of Defect

17.   Unbeknownst to most Viagra users, recent studies have shown that the cellular activity providing the mechanism of action for Viagra may also be associated with the development and/or exacerbation of melanoma.

18.   The American Cancer Society states that melanoma is "the most serious type of skin cancer."[5]

19.   According to the National Cancer Institute, part of the National Institutes of Health, melanoma is more likely than other skin cancers to spread to other parts of the body, thereby causing further tissue damage and complicating the potential for effective treatment and eradication of the cancerous cells.[6]

---

[1] NIH Consensus Development Panel on Impotence (July 7, 1993).
[2] Jacque Wilson, *Viagra: The Little Blue Pill That Could*, CNN, Mar. 27, 2013, *available at*: http://www.cnn.com/2013/03/27/health/viagra-anniversary-timeline/index.html.
[3] Hilary Stout, *Viagra: The Thrill That Was*, N.Y. TIMES, June 5, 2011, *available at*: http://query.nytimes.com/gst/fullpage.html?res=9B06E3DF173FF936A35755C0A9679D8B63.
[4] Wilson, *supra* note 4.
[5] American Cancer Society, *Skin Cancer Facts*, last revised March 19, 2014, *available at*: http://www.cancer.org/cancer/cancercauses/sunanduvexposure/skin-cancer-facts.
[6] National Cancer Institute, *Types of Skin Cancer*, last updated Jan. 11, 2011, *available at*: http://www.cancer.gov/cancertopics/wyntk/skin/page4.

Levin
Simes, LLP

20.     Several studies have linked the mechanism of action for Viagra to cell mutation cultivating melanomagenesis, or the creation of melanocytes which develop into melanoma.

21.     A study published in 2011 found that treatment with Viagra can promote melanoma cell invasion.[7]  Specifically, by inhibiting PDE5, Viagra mimics an effect of gene activation and therefore may potentially function as a trigger for the creation of melanoma cells.

22.     A 2012 study published in the Journal of Cell Biochemistry also found that PDE5 inhibitors were shown to promote melanin synthesis,[8] which may exacerbate melanoma development.[9]

23.     On April 7, 2014, an original study ("the JAMA study") was published on the website for the *Journal of the American Medical Association Internal Medicine* which, in light of the previous studies, sought to examine the direct relationship between sildenafil use and melanoma development in men in the United States.[10]  The JAMA study was published in the journal's June 2014 edition.

24.     Among 25,848 participants, the JAMA study reported that recent sildenafil users at baseline had a significantly elevated risk of invasive melanoma, with a "hazard ratio" of 1.84; in other words, the study participants who had recently used sildenafil exhibited an 84% increase in risk of developing or encouraging invasive melanoma.[11]

D.     Consumer Expectations

25.     Since Viagra's FDA approval in 1998, Pfizer has engaged in a continuous, expensive and aggressive advertising campaign to market Viagra to men worldwide as a symbol of regaining and enhancing one's virility.

---

[7] I. Aozarena, et al., *Oncogenic BRAF Induces Melanoma Cell Invasion by Downregulating The cGMP-Specific Phosphodiesterase PDE5A*, 19 Cancer Cell 45 (2011).
[8] X Zhang, et al., *PDE5 Inhibitor Promotes Melanin Synthesis Through the PKG Pathway in B16 Melanoma Cells*, 113 J. Cell Biochem. 2738 (2012).
[9] F.P. Noonan, et al., *Melanoma Induction by Ultraviolet A But Not Ultraviolet B Radiation Requires Melanin Pigment*, 3 Nature Communications 884 (2012).
[10] Wen-Qing Li, Abrar A. Qureshi, Kathleen C. Robinson, & Jiali Han, *Sildenafil Use and Increased Risk of Incident Melanoma in U.S. Men: A Prospective Cohort Study*, 174 JAMA Internal Medicine 964 (2014).
[11] *Id.*

Levin
Simes, LLP

26.     Viagra has engaged in increasingly aggressive marketing techniques and strategies to promote the use of Viagra in the face of increasing pharmaceutical competition. By means of demonstration, a 2004 article in The Chicago Tribune cited industry reports stating that Viagra spent "tens of millions of dollars each month on direct-to-consumer advertising [ ]."[12]

27.     Pfizer has also been criticized by regulators, physicians and consumer groups for its attempts to target younger men in their advertising. Doctors and federal regulators stated that "such ads sen[t] a confusing message to patients who might really benefit from the drug."[13]

28.     While designing and formulating Viagra, Pfizer discovered or should have discovered that the drug's mechanism of action, the inhibition of PDE5, also presented a significant risk of exacerbating melanoma.

29.     Despite these significant findings, Pfizer has made no efforts in its ubiquitous Viagra advertisements to warn users about the potential risk of developing melanoma that has been scientifically linked to its drug.

30.     Members of the general public had no plausible means through which they could have discovered the significant risk of melanomagenesis associated with PDE5 inhibition.

31.     Prescribing physicians would not have had the same level of access to the research and development conducted by Pfizer prior to its decision to manufacture Viagra for general public use.

32.     Pfizer failed to communicate to the general public that the inhibition of PDE5 inherently necessary to the efficacy of Viagra would also present a significant risk of one's development or exacerbation of cancerous cells.

---

[12] Bruce Japsen, *Viagra's 2 Rivals Grab Market Share In A Year*, CHICAGO TRIBUNE, Sept. 23, 2004, *available at* http://articles.chicagotribune.com/2004-09-23/business/0409230283_1_viagra-erectile-levitra.

[13] Bruce Japsen, *Toned-Down Advertising Credited for Viagra Gains*, CHICAGO TRIBUNE, Feb. 8, 2007, *available at* http://articles.chicagotribune.com/2007-02-08/business/0702080063_1_viagra-erectile-pfizer-spokesman.

33.     For example, no individual prescribed to use Viagra would believe or be expected to know that his use of Viagra would expose him to an increased risk of developing melanoma or exacerbating the growth of melanocytes already present in his body.

34.     Pfizer expected or should have expected individuals who suffered from erectile dysfunction to ingest Viagra as a means to treat their condition.

35.     Pfizer expected or should have expected physicians treating erectile dysfunction to prescribe Viagra as a means to treat the condition.

36.     The risk presented by ingesting Viagra would be present from the moment of manufacture; that is, the user would not need to change or alter the drug itself or the means by which it was ingested in order for the drug to carry the same risk of harm as described herein.

E.     Risks and Benefits of Viagra Use

37.     At all times relevant hereto, Viagra was useful to some members of the population; namely, men diagnosed with erectile dysfunction.

38.     Erectile dysfunction is not fatal, nor does it present any related symptoms or characteristics harmful to one's physical health; however, it did provide the benefit of allowing men with erectile dysfunction to achieve and maintain an erection.

39.     Viagra also encourages the development of melanoma in the body of a user, thereby placing them at a significant health risk.

40.     Pfizer manufactured, marketed and sold Viagra as a PDE5 inhibitor; however, the mechanism of action that made the drug effective in treating erectile dysfunction simultaneously enhanced the risk of the user developing melanoma.

41.     At the time Viagra was formulated and manufactured, Pfizer knew or should have known that the drug posed a significantly heightened risk to users, specifically through the increased likelihood that those users would develop melanoma because of the chemical reactions inherent to the drug's functioning.

42.     Through the testing and formulating of Viagra, and before the initiation of the drug's mass manufacture, Pfizer knew or should have known in the exercise of ordinary care

Levin
Simes, LLP

that the chemical reactions inherent to Viagra's mechanism of action would present a cancer-related health hazard to potential future users.

43.    The risk presented by the use of Viagra through PDE5 inhibition – a characteristic inherent to the drug's potential efficacy – was unquestionably far more significant than the benefit provided to its users.

///

44.    Because the risk of using Viagra so greatly outweighs the benefits of such use, the drug presents an unreasonably dangerous risk when used in its intended condition.

F.    <u>Facts Regarding Plaintiff</u>

45.    Plaintiff began pharmaceutical treatment for erectile dysfunction in August of 2007, when his physician Dr. Cristian L. Dinescu recommended that he begin taking Viagra.

46.    Plaintiff continued to fill his Viagra prescriptions from Dr. Dinescu and take the drug regularly until at least June of 2009.

47.    On September 20, 2013, Dr. Palmer Wright, DO of Memorial Physicians PLLC excised a lesion on Plaintiff's left temple which was subsequently diagnosed as malignant melanoma.  Plaintiff's melanoma was categorized as 7.00 mm Breslow thickness, Clark's level IV.

48.    On October 8, 2013, Plaintiff underwent a wide facial excision, left lateral parotidectomy, and limited level II neck dissection performed by Dr. Wright.

49.    Since first being diagnosed with melanoma, Plaintiff has had to remain diligent in monitoring his skin lesions and continues to follow up with his physician. Additionally in January of 2016 he was advised he was positive for pulmonary metastatic disease.

50.    Had Pfizer properly disclosed the melanoma-related risks associated with Viagra, Plaintiff would have avoided the risk of developing melanoma from Viagra use by deciding not to take Viagra at all; by severely limiting the dosage and/or length of time during which he used it; and/or by more closely monitoring the degree to which his Viagra consumption was adversely affecting his health.

Levin
Simes, LLP

51.     As a direct, proximate, and legal result of Pfizer's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of the drug Viagra, Plaintiff suffered severe and permanent physical and emotional injuries. His physical injuries have included melanoma as well as the surgery necessitated by his skin cancer diagnosis. Plaintiff has endured not only physical pain and suffering but also economic loss, including significant expenses for medical care and treatment. Because of the nature of his diagnosis, he will certainly continue to incur such medical expenses in the future. As a result of these damages, Plaintiff seeks actual and punitive damages from Pfizer.

G.      Summary

52.     At all times relevant to this lawsuit, Pfizer engaged in the business of researching, licensing, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling the prescription drug Viagra for use among the general public.

53.     For the duration of these efforts, Pfizer directed its advertising efforts to consumers located across the nation, including consumers in the State of California.  Such efforts were also aimed at prescribing physicians across the nation, including prescribing physicians in the State of California.

54.     At all times mentioned in this Complaint, Pfizer's officers and directors participated in, authorized, and directed the production and aggressive promotion of Viagra when they knew, or with the exercise of reasonable care should have known, of the risk of developing melanoma associated with Viagra use. In doing so, these officers and directors actively participated in the tortious conduct which resulted in the injuries suffered by many Viagra users, including Plaintiff.

55.     Pfizer purposefully downplayed, understated and outright ignored the melanoma-related health hazards and risks associated with using Viagra. Pfizer also deceived potential Viagra users by relaying positive information through the press, including testimonials from retired, popular U.S. politicians, while downplaying known adverse and serious health effects.

56.     Pfizer concealed material information related to melanoma development from potential Viagra users.

57.     In particular, in the warnings the company includes in its commercials, online and print advertisements, Pfizer fail to mention any potential risk for melanoma development and/or exacerbation associated with Viagra use.

58.     As a result of Pfizer's advertising and marketing, and representations about its product, men in the United States pervasively seek out prescriptions for Viagra.  If Plaintiff in this action had known the risks and dangers associated with taking Viagra, Plaintiff would have elected not to take Viagra and, consequently, would not have been subject to its serious side effects. Similarly, if Plaintiff's physicians had been aware of the risks and dangers associated with taking Viagra, they would have elected not to prescribe Viagra to Plaintiff or monitored his condition more closely.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unfair and Deceptive Trade Practices**
**(Unfairness)**

59. Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

60.     California Business & Professions Code Section 17200 ("Unfair Competition Law" or "UCL") and applicable statutes and laws of Plaintiff's Home Forum preclude unfair competition: *i.e.*, the employment of any unlawful, unfair or fraudulent business acts or practices; and, any unfair, deceptive, untrue or misleading advertising (Cal. Bus. & Prof. Code Section 17500).  This prohibition extends to any act, omission, or conduct affecting the rights of consumers.

61.     Pfizer has designed and continues to design, manufacture, market, sell, and place into the stream of commerce the Viagra purchased and used in California, Plaintiff's Home Forum, and throughout the United States.  Pfizer has failed and continues to fail to disclose and conceal the serious safety hazard posed by the design of Viagra—it does not warn Plaintiff or his physicians of the increased risk of developing melanoma as a result of using Viagra, and should not be purchased or used for that purpose.

Levin
Simes, LLP

62.     Pfizer has been and remains obligated to disclose this material safety hazard because reasonable consumers expect Viagra to perform its only intended and reasonably expected function and purpose of allowing a user to achieve and maintain an erection.  In failing to disclose this critical safety hazard, known to Pfizer but not to reasonable consumers like Plaintiff and his physicians, Pfizer engaged in and continues to engage in unfair conduct under Cal. Bus. & Prof. Code §17200 and applicable statutes and laws of Plaintiff's Home Forum. Plaintiff incorporates herein paragraphs 1 and 25-57, *supra*, as particularized evidence of the pattern of omission and concealment perpetrated by Pfizer against Plaintiff.

63.     As a result of Pfizer's violations of the UCL and applicable statutes and laws of Plaintiff's Home Forum, Plaintiff is entitled to appropriate equitable relief and monetary relief in the form of restitution and interest.  Plaintiff is also entitled to recover penalties, as well as an award of attorneys' fees, costs, and expenses for prosecuting this action.

64.     **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unfair and Deceptive Trade Practices
### (Fraud)

65.     Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

66.     California Business & Professions Code Section 17200 ("Unfair Competition Law" or "UCL") and applicable statutes and laws of Plaintiff's Home Forum preclude unfair competition: *i.e.*, the employment of any unlawful, unfair or fraudulent business acts or practices; and, any unfair, deceptive, untrue or misleading advertising (Cal. Bus. & Prof. Code Section 17500).  This prohibition extends to any act, omission, or conduct affecting the rights of consumers.

67.     Pfizer has designed and continues to design, manufacture, market, sell, and place into the stream of commerce the Viagra purchased and used in California, Plaintiff's Home

*Levin
Simes, LLP*

Forum, and throughout the United States. Pfizer has failed and continues to fail to disclose and conceal the serious safety hazard posed by the design of Viagra—it does not warn Plaintiff or his physicians of the increased risk of developing melanoma as a result of using Viagra, and should not be purchased or used for that purpose.

68.     Pfizer has been and remains obligated to disclose this material safety hazard because reasonable consumers like Plaintiff expect Viagra to perform its only intended and reasonably expected function and purpose of allowing them to achieve and maintain an erection. In failing to disclose this critical safety hazard, known to Pfizer but not to reasonable consumers like Plaintiff or his physicians, Pfizer engaged in and continues to engage in fraudulent conduct by omission under Cal. Bus. & Prof. Code §17200 and applicable statutes and laws in Plaintiff's Home Forum.  Plaintiff incorporates herein paragraphs 1 and 25-57, *supra*, as particularized evidence of the pattern of omission and concealment perpetrated by Pfizer against Plaintiff.

69.     As a result of Pfizer's violations of the UCL and applicable statutes and laws in Plaintiff's Home Forum, Plaintiff is entitled to appropriate equitable relief and monetary relief in the form of restitution and interest.  Plaintiff is also entitled to recover penalties, as well as an award of attorneys' fees, costs, and expenses for prosecuting this action.

70.     **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

<u>THIRD CAUSE OF ACTION</u>
**Unfair and Deceptive Trade Practices**
**(Unlawfulness)**

71.     Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

72.     Pfizer's conduct is unlawful under the UCL because it violates Cal. Civ. Code § 1750, *et seq*. (hereinafter "Consumer Legal Remedies Act" or "CLRA") and applicable statutes and laws in Plaintiff's Home Forum.  Through omission and concealment, Pfizer has misrepresented and continues to misrepresent that Viagra: (a) has characteristics, uses or

Levin
Simes, LLP

benefits that it does not have (Section 1770(a)(5)); and, (b) is of a particular standard, quality, or grade when they are of another (Section 1770(a)(7)).  Plaintiff incorporates herein paragraphs 1 and 25-57, *supra*, as particularized evidence of the pattern of misrepresentation by omission perpetrated by Pfizer against Plaintiff.

73.     Were it not for Pfizer's unlawful conduct, Plaintiff would not have purchased Viagra.  Instead, he would have purchased safe and reliable erectile dysfunction medication fit and safe for its intended purpose.

74.     Plaintiff has and will continue to suffer injury in fact and lose money as a direct result of Pfizer's unfair competition in that he has had to undergo multiple surgeries and will continue to be required to undergo periodic skin checks to ensure against recurrence.

75.     As a result of Pfizer's violations of the UCL and applicable statutes and laws in Plaintiff's Home Forum, Plaintiff is entitled to appropriate equitable relief and monetary relief in the form of restitution and interest.  Plaintiff is also entitled to recover penalties, as well as an award of attorneys' fees, costs, and expenses for prosecuting this action.

76.     **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**(Strict Liability – Defective Design)**

77.     Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

78.     Defendant has a duty to provide adequate warnings and instructions for Viagra, to use reasonable care to design a product that is not unreasonably dangerous to users, and to adequately test its product.

79.     At all times relevant to this action, Defendant researched, designed, tested, manufactured, packaged, labeled, marketed, distributed, promoted, and sold Viagra, placing the drug into the stream of commerce.

80.     At all times relevant to this action, Viagra was designed, tested, inspected,

*Levin
Simes, LLP*

manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendant in a condition that was defective and unreasonably dangerous to consumers, including the Plaintiff.

81.    Viagra is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

82.    Viagra was expected to reach, and did reach, users and/or consumers, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was manufactured and sold.

83.    Plaintiff used Viagra as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendant.

84.    Viagra was unreasonably dangerous in that, as designed, it failed to perform safely when used by ordinary consumers, including Plaintiff, when it was used as intended and in a reasonably foreseeable manner.

85.    Viagra was unreasonably dangerous and defective in design or formulation for its intended use in that, when it left the hands of the manufacturers and/or supplier, it posed a risk of serious injury which could have been reduced or avoided by the adoption of a feasible reasonable alternative design. There were safer alternative methods and designs for the like product.

86.    Viagra was insufficiently tested and caused harmful side effects that outweighed any potential utility.

87.    Viagra, as manufactured and supplied, was defective due to inadequate warnings, and/or inadequate clinical trials, testing and study, and inadequate reporting regarding the results of the clinical trials, testing and study.

88.    Viagra as manufactured and supplied by the Defendant was defective due to inadequate post-marketing warnings or instructions because, after Defendant knew or should have known of the risk of injuries from use and/or ingestion and acquired additional knowledge and information confirming the defective and dangerous nature of Viagra, Defendant failed to

Levin
Simes, LLP

provide adequate warnings to the medical community and the consumers, to whom Defendant was directly marketing and advertising; and, further, Defendant continued to affirmatively promote Viagra as safe and effective.

89.     In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that Viagra should not have been marketed in that condition.

90.     As a direct and proximate cause of the Defendant's defective design of Viagra, including the lack of appropriate warnings, Plaintiff was prescribed and used the drug rather than alternative erectile dysfunction therapies with better and/or similar efficacy. As a result, Plaintiff has suffered significant pain, injury, harm, suffering, and economic damages incurred through cancer treatment necessitated by Viagra use.

91.     **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### (Strict Liability – Failure to Warn)

92.     Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

93.     While designing and formulating Viagra, Pfizer discovered or should have discovered that the drug's mechanism of action, the inhibition of PDE5, also presented a significant risk of exacerbating melanoma.

94.     Viagra was defective and unreasonably dangerous when it left the possession of the Defendant in that it contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous risks and reactions associated with the subject product, including but not limited to the development and/or exacerbation of melanoma.

95.     Information given by Defendant to the medical community and to consumers concerning the safety and efficacy of Viagra, especially the information contained in the

Levin
Simes, LLP

advertising and promotional materials, did not accurately reflect the serious and potentially fatal side effects.

96.     Had adequate warnings and instructions been provided, Plaintiff would not have been prescribed or taken Viagra, and would not have been at risk of the harmful side effects described herein.

97.     Neither Plaintiff, nor Plaintiff's physicians knew, nor could they have learned through the exercise of reasonable care, the risks of serious injury and/or death associated with and/or caused by Viagra.

98.     Defendant knew or had knowledge that the warnings that were given failed to properly warn of the increased risks of serious injury and/or death associated with and/or caused by Viagra.

99.     Plaintiff, individually and through his prescribing physicians, reasonably relied upon the skill, superior knowledge, and judgment of the Defendant.

100.    Defendant expected Plaintiff, individually and through his prescribing physician, to rely upon the information contained in the subject product's package insert and other advertising and promotional materials.

101.    Defendant had a continuing duty to warn Plaintiff and his prescribing physician of the risk of development and/or exacerbation of melanoma directly associated with Viagra use.

102.    Safer alternatives were available that were just as effective and without the risks posed by Viagra.

103.    As a direct and proximate result of Pfizer's failure to warn Plaintiff or his physician of the significant melanoma-related risks associated with Viagra's mechanism of action, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

104.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages,

Levin
Simes, LLP

1   exemplary damages, and punitive damages, together with interest, the costs of suit and

2   attorneys' fees, and such other and further relief as this Court deems just and proper.

3

4   ### SIXTH CAUSE OF ACTION
5   **(Failure to Test)**

6       105.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully

7   herein.

8       106.    Through the testing and formulating of Viagra, and before the initiation of the

9   drug's mass manufacture, Pfizer knew or should have known in the exercise of ordinary care

10  that the chemical reactions inherent to Viagra's mechanism of action would present a cancer-

11  related health hazard to potential future users like Plaintiff.

12      107.    Defendant failed to adequately test the safety of Viagra.

13      108.    Had Defendant adequately tested relative efficacy of Viagra compared with other

14  readily available, alternative erectile dysfunction therapies and disclosed those results to the

15  medical community and the public, Plaintiff would not have purchased and used Viagra.

16      109.    As a direct and proximate result of Pfizer's failure to adequately test Viagra,

17  Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through

18  cancer treatment from melanoma caused by Viagra use.

19      110.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks

20  damages as detailed in the Global Prayer for Relief including: compensatory damages,

21  exemplary damages, and punitive damages, together with interest, the costs of suit and

22  attorneys' fees, and such other and further relief as this Court deems just and proper.

23  ### SEVENTH CAUSE OF ACTION
24  **(Negligence)**

25      111.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully

26  herein.

27      112.    Defendant owed Plaintiff a duty to exercise reasonable care when designing,

28  testing, manufacturing, labeling, marketing, advertising, promoting, distributing, and/or selling

*Levin Simes, LLP*

1   Viagra.

2   113.   At all relevant times to this action, Defendant owed a duty to properly warn

3   Plaintiff, physicians, consumers, and the public of the risks, dangers and adverse side effects of

4   Viagra, including the increased risk of serious injury and death, when the drug was used as

5   intended or in a way that Defendant could reasonably have anticipated.

6   114.   Defendant breached its duty by failing to exercise ordinary care in the

7   preparation, design, research, testing, development, manufacturing, inspection, labeling,

8   marketing, promotion, advertising and selling of Viagra, as set forth below.

9   115.   Defendant failed to exercise due care under the circumstances and therefore

10   breached this duty in numerous ways, including the following:

11   a.   failing to research and test Viagra properly and thoroughly before

12   releasing the drug to the market;

13   b.   failing to analyze properly and thoroughly the data resulting from the pre-

14   marketing tests of Viagra;

15   c.   failing to report to the FDA, the medical community, and the general

16   public those data resulting from pre- and post-marketing tests of Viagra

17   which indicated serious risks associated with its use;

18   d.   failing to conduct adequate post-market monitoring and surveillance of

19   Viagra;

20   e.   failing to conduct adequate analysis of adverse event reports;

21   f.   designing, manufacturing, marketing, promoting, advertising,

22   distributing, and selling Viagra to physicians and consumers, including

23   Plaintiff, without an adequate warning of the significant and dangerous

24   risks of Viagra and without proper instructions to avoid the harm that

25   could foreseeably occur as a result of using the drug;

26   g.   failing to exercise due care when advertising and promoting Viagra;

27   h.   negligently continuing to manufacture, market, advertise, and distribute

28   Viagra after Defendant knew or should have known of the risks of serious

injury and/or death associated with using the drug;

i.  failing to use due care in the preparation and development of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

j.  failing to use due care in the design of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

k.  failing to conduct adequate pre-clinical testing and research to determine the safety of Viagra;

l.  failing to conduct adequate post-marketing surveillance and exposure studies to determine the safety of Viagra, while Defendant knew or should have known that post-marketing surveillance would be the only means to determine the relative risk of Viagra for causing serious injury and/or death in the absence of clinical trials, and that such surveillance would be necessary for a due diligence program that would alert Defendant of the need to change the drug's warnings or to withdraw it from the market altogether;

m. failing to completely, accurately and in a timely fashion, disclose the results of the pre-marketing testing and post-marketing surveillance and testing to Plaintiff, Plaintiff's physicians, other consumers, the medical community, and the FDA;

n.  failing to accompany Viagra with adequate and proper warnings regarding all possible adverse side effects, including serious injury (e.g., development and/or exacerbation of melanoma) associated with the use of the same and instructions on ways to safely use Viagra to avoid injury;

o.  failing to use due care in the manufacture, inspection, and labeling of Viagra to prevent the aforementioned risk of injuries to individuals who used the drug;

Levin
Simes, LLP

p.   failing to use due care in the promotion of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

q.   failing to use due care in the sale and marketing of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

r.   failing to use due care in the selling of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

s.   failing to provide adequate and accurate training and information to the sales representatives who sold the drug;

t.   failing to provide adequate and accurate training and information to healthcare providers for the appropriate use of Viagra;

u.   failing to conduct or fund research into the development of medications of this type which would pose the least risk of causing serious injury and death as alleged herein, into the early detection of persons who might be most susceptible to such reactions, and into the development of better remedies and treatment for those who experience these tragic adverse reactions;

v.   failing to educate healthcare providers, patients, and the public about the safest use of the drug;

w.   failing to give patients and healthcare providers adequate information to weigh the risks of serious injury and/or death for a given patient; and

x.   being otherwise reckless, careless and/or negligent.

116.   Despite the fact that Defendant knew or should have known that Viagra increased the risk of serious injury and/or death, Defendant continued to promote and market Viagra to doctors and to consumers, including Plaintiff, when safer and more effective methods of treatment were available.

117.    As a direct and proximate result of the negligence committed by Pfizer in testing and ultimately selling Viagra, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

118.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

<div align="center">

### EIGHTH CAUSE OF ACTION
**(Gross Negligence)**

</div>

119.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

120.    Defendant had a duty to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Viagra, including a duty to ensure that Defendant's product, Viagra, did not cause users to suffer from unreasonable and dangerous side effects.

121.    Defendant failed to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendant's product, Viagra, in that Defendant knew or should have known that taking Viagra caused unreasonable and life-threatening injuries, as alleged herein.

122.    Defendant was grossly negligent under the circumstances and breached its duty of care in numerous ways, including the following:

    a.    failing to test Viagra properly and thoroughly before releasing the drug to the market;

    b.    failing to analyze properly and thoroughly the data resulting from the pre-marketing tests of Viagra;

    c.    failing to report to the FDA, the medical community, and the general public those data resulting from pre- and post-marketing tests of Viagra which indicated risks associated with its use;

d.   failing to conduct adequate post-market monitoring and surveillance of Viagra;

e.   failing to conduct adequate analysis of adverse event reports;

f.   designing, manufacturing, marketing, advertising, distributing, and selling Viagra to consumers, including Plaintiff, without an adequate warning of the significant and dangerous risks of Viagra and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

g.   failing to exercise due care when advertising and promoting Viagra;

h.   recklessly continuing to manufacture, market, advertise, and distribute Viagra after Defendant knew or should have known of the risks of serious injury and/or death associated with using the drug;

i.   failing to use due care in the preparation and development of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

j.   failing to use due care in the design of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

k.   failing to conduct adequate pre-clinical testing and research to determine the safety of Viagra;

l.   failing to conduct adequate post-marketing surveillance and exposure studies to determine the safety of Viagra, while Defendant knew or should have known that post-marketing surveillance would be the only means to determine the relative risk of Viagra for causing serious injury and death as alleged herein in the absence of clinical trials, and that such surveillance would be necessary for a due diligence program that would alert Defendant to the need to change the drug's warnings or to withdraw it from the market altogether;

m.   failing to completely, accurately and in a timely fashion, disclose the results of the pre-marketing testing and post-marketing surveillance and testing to Plaintiff, her doctors, other consumers, the medical community, and the FDA;

n.   failing to accompany Viagra with proper warnings regarding all possible adverse side effects associated with the use of the same;

o.   failing to use due care in the manufacture, inspection, and labeling of Viagra to prevent the aforementioned risk of injuries to individuals who used the drug;

p.   failing to use due care in the promotion of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

q.   failing to use due care in the sale and marketing of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

r.   failing to provide adequate and accurate training and information to the sales representatives who sold the drug;

s.   failing to provide adequate and accurate training and information to healthcare providers for the appropriate use of Viagra;

t.   failing to conduct or fund research into the development of medications of this type which would pose the least risk of causing such serious injury and death, as alleged herein, into the early detection of persons who might be most susceptible to such reactions, and into the development of better remedies and treatment for those who experience these tragic adverse reactions;

u.   failing to educate healthcare providers and the public about the safest use of the drug;

Levin
Simes, LLP

v.  failing to give healthcare providers adequate information to weigh the risks of serious injury and/or death for a given patient; and

w.  was otherwise grossly negligent.

123.  Although Defendant knew, or recklessly disregarded, the fact that Defendant's product, Viagra, caused serious and potentially fatal side effects, Defendant continued to market Viagra to consumers, including Plaintiff, without disclosing these side effects including the risks of serious injury and/or death.

124.  Defendant knew and/or consciously or recklessly disregarded the fact that consumers such as Plaintiff would suffer injury as a result of Defendant's failure to exercise reasonable care as described above.

125.  Defendant knew of, or recklessly disregarded the defective nature of Defendant's product, Viagra, as set forth herein, but continued to design, manufacture, market, and sell Viagra, so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by Viagra.

126.  As a direct and proximate result of Pfizer's gross negligence, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

127.  **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### NINTH CAUSE OF ACTION
**(Negligence Per Se)**

128.  Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

129.  At all times herein mentioned, Defendant had an obligation not to violate the law, including the Federal Food, Drug and Cosmetic Act and the applicable regulations, in the

Levin
Simes, LLP

manufacture, design, formulation, compounding, testing, production, processing, assembling, inspection, research, promotion, advertising, distribution, marketing, promotion, labeling, packaging, preparation for use, consulting, sale, warning, and post-sale warning and other communications of the risks and dangers of Viagra.

130.    By reason of its conduct as alleged herein, Defendant violated provisions of statutes and regulations, including, but not limited to, the following:

a.    Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331 and 352, by misbranding Viagra;

b.    Defendant failed to follow the "[g]eneral requirements on content and format of labeling for human prescription drugs" in violation of 21 C.F.R. § 201.56;

c.    Defendant failed to follow the "[s]pecific requirements on content and format of labeling for human prescription drugs" in violation of 21 C.F.R. § 201.57; and

d.    Defendant advertised and promoted Viagra in violation of 21 C.F.R. § 202.1; and

e.    Defendant violated 21 C.F.R. § 201.57(e) by failing to timely and adequately change the Viagra label to reflect the evidence of an association between Viagra and the development and/or exacerbation of melanoma suffered by Plaintiff.

These statutes and regulations impose a standard of conduct designed to protect consumers of drugs, including Plaintiff. Defendant's violations of these statutes and regulations constitute negligence per se.

131.    As a direct and proximate result of Defendant's statutory and regulatory violations, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

132.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages,

exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### TENTH CAUSE OF ACTION
### (Breach of Express Warranty)

133.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

134.    At all times relevant hereto, Pfizer expressly represented and warranted to Plaintiff and his healthcare providers, by and through statements made by Pfizer or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that Viagra is safe, effective, and proper for its intended use.

135.    Defendant breached expressed warranties with respect to Viagra in the following particulars:

>    a.  Defendant represented through its labeling, advertising, marketing materials, seminar presentations, publications, notice letters, and regulatory submissions that Viagra was safe, and fraudulently withheld and concealed information about the substantial risks of serious injury and/or death associated with using Viagra;

>    b.  Defendant represented that Viagra was as safe, and/or safer than other alternative medications and fraudulently concealed information that demonstrated that Viagra was not safer than alternatives available on the market; and

>    c.  Defendant represented that Viagra was more efficacious than other alternative medications and fraudulently concealed information regarding the true efficacy of the drug.

136.    Viagra does not conform to Defendant's express representations because its mechanism of action, the inhibition of the PDE5 enzyme, also increases the risk of the development and/or exacerbation of melanoma.

137.    At all relevant times, Viagra did not perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner.

138.    Plaintiff, Plaintiff's physicians, other consumers, and the medical community relied upon Defendant's express warranties, resulting in Plaintiff's ingestion of the drug.

139.    As a direct and proximate result of the breach of warranty committed by Pfizer, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

140.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### ELEVENTH CAUSE OF ACTION
**(Breach of Implied Warranty)**

141.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

142.    At all relevant and material times, Defendant manufactured, distributed, advertised, promoted, and sold Viagra.

143.    At all relevant times, Defendant intended that Viagra be used in the manner that Plaintiff in fact used it.

144.    Defendant impliedly warranted Viagra to be of merchantable quality, safe and fit for the use for which Defendant intended it, and Plaintiff in fact used it.

145.    Defendant was aware that consumers, including Plaintiff, would use Viagra to achieve and maintain an erection; which is to say that Plaintiff was a foreseeable user of Defendant's product Viagra.

146.    Defendant knew, or had reason to know, that Plaintiff's physician would rely on Defendant's judgment and skill in providing Viagra for its intended use.

147.    Plaintiff and his physician reasonably relied upon the skill and judgment of Defendant as to whether Viagra was of merchantable quality, safe and fit for its intended use.

Levin
Simes, LLP

148.   The drug was expected to reach and did in fact did reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

149.   Defendant breached various implied warranties with respect to Viagra including the following particulars:

    a.   Defendant represented through its labeling, advertising, marketing materials, seminar presentations, publications, notice letters, and regulatory submissions that Viagra was safe and fraudulently withheld and concealed information about the substantial risks of serious injury and/or death associated with using Viagra;

    b.   Defendant represented that Viagra was as safe, and/or safer than other alternative medications and fraudulently concealed information that demonstrated that Viagra was not safer than alternatives available on the market; and

    c.   Defendant represented that Viagra was more efficacious than other alternative medications and fraudulently concealed information regarding the true efficacy of the drug.

150.   In reliance upon Defendant's implied warranty, Plaintiff used Viagra as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendant.

151.   Viagra was neither safe for its intended use nor of merchantable quality, as had been implicitly warranted by Pfizer, in that Viagra's mechanism of action – the inhibition of PDE5 – inherently presented a significant increase in the user's risk of developing and/or exacerbating melanoma.

152.   Defendant breached its implied warranty to Plaintiff in that Viagra is unreasonably dangerous, defective, and unfit for the ordinary purposes for which Viagra was used. It was not of merchantable quality, safe and fit for its intended use, or adequately tested.

153.   As a direct and proximate result of the falsity of the warranties implicated by

Pfizer's actions and omissions, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

154.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### TWELFTH CAUSE OF ACTION
#### (Fraudulent Misrepresentation and Concealment)

155.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

156.    Defendant intentionally and fraudulently misrepresented to consumers and physicians, including Plaintiff, Plaintiff's physicians and the public in general, that Viagra had been tested and found to be safe, well-tolerated and/or more efficacious than alternative medications and/or methods of erectile dysfunction therapy and that Viagra's benefits outweighed its risks when used as instructed, when, in fact, Defendant knew, or should have known, and fraudulently concealed that Viagra is dangerous to patients and that the benefits of its use are far outweighed by the risks for Plaintiff and many others.

157.    At all relevant times, Defendant knew of the use for which Viagra was intended and expressly and/or impliedly warranted its drug was of merchantable quality and safe and fit for such use.

158.    Defendant had sole access to material facts concerning the dangers and unreasonable risks of Viagra.

159.    Defendant's superior knowledge and expertise, its relationship of trust and confidence with doctors and the public, its specific knowledge regarding the risks and dangers of Viagra and its intentional dissemination of promotional and marketing information about Viagra for the purpose of maximizing its sales, each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risks and harms associated with the drug.

Levin
Simes, LLP

160.    Defendant made false affirmative representations, omissions and/or fraudulently concealed material adverse information regarding the dangers, risks, safety, benefits, utility and effectiveness of Viagra in order to induce Plaintiff, Plaintiff's physicians, and the public in general to rely upon such representations and to use Viagra. By failing to disclose important safety and injury information and suppressing material facts about Viagra to Plaintiff, Plaintiff's physicians and the public in general, Defendant further led Plaintiff and Plaintiff's physicians to rely upon the safety of Viagra.

161.    Defendant had a duty to disclose such information, arising from Defendant's actions of making, marketing, promoting, labeling, distributing and selling pharmaceutical products to Plaintiff and others.

162.    Defendant's false representations and concealments were fraudulently made, in that Viagra in fact caused injury, was unsafe, and the benefits of its use were far outweighed by the risk associated with use thereof.

163.    Defendant committed acts of intentional misrepresentation and intentional concealment by suppressing material facts relating to the dangers and substantial risks of serious injuries and/or death associated with, and caused by, the use of Viagra.

164.    Defendant made such false representations, omissions and concealments with the intent or purpose that Plaintiff and Plaintiff' physicians would rely upon such representations, leading to the use of Viagra by Plaintiff.

165.    Defendant made fraudulent affirmative misrepresentations and omissions and fraudulent concealments of material facts regarding the safety and effectiveness of Viagra and of the dangers and risks of injuries associated with Viagra, including:

a.  Defendant fraudulently represented through its labeling, advertising, marketing materials, seminar presentations, publications, notice letters, and regulatory submissions that Viagra had been adequately tested and found to be safe and effective for erectile dysfunction, and fraudulently concealed information about the substantial risks of serious injury and/or death associated with using Viagra; and

      b.   Defendant fraudulently represented that Viagra was as safe and/or safer and/or more efficacious than other alternative erectile dysfunction therapies, and fraudulently concealed information that demonstrated that Viagra was not safer and/or more efficacious than alternatives available on the market.

166.    Defendant knew, had reason to know, or should have known that these representations and actively concealed adverse information were false, and that Viagra had defects and was unreasonably dangerous. Yet, Defendant willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of Viagra to consumers, including Plaintiff, and to the medical community.

167.    Defendant did not have adequate proof upon which to base such representations, and in fact, given Defendant's knowledge about Viagra's pharmacology and reported adverse events, Defendant knew or should have known that these representations, omissions and/or concealments were false and fraudulent. Specifically, Defendant knew of, possessed evidence and/or had reason to know that Viagra had defects and was unreasonably dangerous, causing the development and/or exacerbation of melanoma, as detailed herein.

168.    Defendant's misrepresentations were made with the intent that physicians and patients, including Plaintiff, would rely upon them and were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of Viagra.

169.    Plaintiff, Plaintiff's physicians, and others, did rely upon and/or were induced by the misrepresentations, omissions and/or active concealment of the dangers of Viagra to the detriment of the Plaintiff.

170.    Defendant's fraudulent representations and concealments evince its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

171.    In selecting treatment, Plaintiff's physicians and Plaintiff relied on and were induced by Defendant's misrepresentations concerning the dangers of Viagra.

Levin
Simes, LLP

172.     As detailed herein, Defendant made these fraudulent misrepresentations, omissions and concealments through statements and comments to the press, labeling, advertising, marketing and promotion materials, seminar presentations, publications, Dear Doctor letters and regulatory submissions.

173.     Plaintiff and the treating medical community did not know that the representations, omissions, and/or concealments made by Defendant were false and were justified in reasonably relying upon Defendant's representations.

174.     Had Defendant not fraudulently misrepresented and concealed such information, Plaintiff would not have ingested Viagra and suffered resulting harm.

175.     Defendant made the aforesaid representations and concealments intentionally and in the course of Defendant's business as designers, manufacturers, and distributors of Viagra despite having no reasonable basis for the assertion that these representations were true, without having accurate or sufficient information concerning the aforesaid representations and/or knowing these representations were false. Defendant was aware that without such information it could not accurately make the aforesaid representations.

176.     At the time Defendant made the aforesaid representations and at the time Plaintiff received Viagra, Plaintiff, Plaintiff's physicians, and the public in general reasonably believed them to be true. At the time that Plaintiff received Viagra, Defendant failed to adequately inform Plaintiff and/or his prescribing doctors that Viagra use increased the risk of the development and/or exacerbation of melanoma, despite Defendant being in possession of such evidence. Plaintiff received no adequate warnings, either written or verbal, that Viagra caused these side effects, and relied on these omissions and concealments.

177.     As a direct and proximate consequence of Defendant's fraudulent misrepresentations, omissions and intentional concealment of material facts, upon which Plaintiff reasonably relied, Plaintiff sustained significant pain, injury, harm, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

178.     **WHEREFORE**, Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages,

Levin
Simes, LLP

1   exemplary damages, and punitive damages, together with interest, the costs of suit and

2   attorneys' fees, and such other and further relief as this Court deems just and proper.

3   <center>**THIRTEENTH CAUSE OF ACTION**</center>

4   <center>**(Negligent Misrepresentation and Concealment)**</center>

5   179.   Plaintiff adopts and incorporates all preceding paragraphs as if stated fully

6   herein.

7   180.   At all relevant times, Defendant designed, tested, manufactured, packaged,

8   marketed, distributed, promoted, and sold Viagra.

9   181.   At all relevant times, Defendant knew of the use for which Viagra was intended

10  and expressly and/or impliedly warranted that the drug was of merchantable quality and safe

11  and fit for such use.

12  182.   Defendant's superior knowledge and expertise, its relationship of trust and

13  confidence with doctors and the public, its specific knowledge regarding the risks and dangers

14  of Viagra and its intentional dissemination of promotional and marketing information about

15  Viagra for the purpose of maximizing its sales, each gave rise to the affirmative duty to disclose

16  and provide all material information about the risks and harms associated with the drug.

17  183.   Defendant recklessly, and/or negligently represented to Plaintiff, Plaintiff's

18  physicians, and other persons and professionals whom Defendant knew would rely, that Viagra

19  was safe to ingest and that the utility of this product outweighed any risk in use for their

20  intended purposes.

21  184.   Defendant recklessly and/or negligently failed to disclose to Plaintiff, and others,

22  important safety and efficacy information, thereby suppressing material facts about the drug,

23  while having a duty to disclose such information, which duty arose from its actions of making,

24  marketing, promoting, distributing and selling pharmaceutical products to Plaintiff and others.

25  185.   Defendant led Plaintiff to rely upon the safety of the product in its use.

26  186.   The false representations of the Defendant were recklessly and/or negligently

27  made in that Viagra in fact caused injury, was unsafe, and the benefits of its use were far

28  outweighed by the risk associated with use thereof.

*Levin*
*Simes, LLP*

1     187.    Defendant committed acts of reckless and/or negligent misrepresentation and
2 reckless and/or negligent concealment by suppressing material facts relating to the dangers and
3 injuries associated with, and caused by, the use of Viagra.

4     188.    Defendant knew or should have known that its representations and/or omissions
5 were false.  Defendant made such false, negligent and/or reckless representations with the intent
6 or purpose that Plaintiff and Plaintiff's physicians would rely upon such representations, leading
7 to the use of Viagra by Plaintiff.

8     189.    Defendant recklessly and/or negligently misrepresented, and/or omitted
9 information with respect to Viagra in the following particulars:

10         a.  Defendant represented through its labeling, advertising, marketing
11             materials, seminar presentations, publications, notice letters, and
12             regulatory submissions that Viagra was safe and fraudulently withheld
13             and concealed information about the substantial risks of serious injury
14             and/or death associated with using Viagra;

15         b.  Defendant represented that Viagra was as safe and/or safer than other
16             alternative erectile dysfunction therapies and fraudulently concealed
17             information, which demonstrated that Viagra was not safer than
18             alternatives available on the market; and

19         c.  Defendant represented that Viagra was more efficacious than other
20             alternative erectile dysfunction therapies and fraudulently concealed
21             information, regarding the true efficacy of the drug.

22     190.    Defendant made affirmative misrepresentations and recklessly and/or negligently
23 omitted material adverse information regarding the safety and effectiveness of Viagra.

24     191.    Defendant made these misrepresentations and/or omissions at a time when
25 Defendant knew or had reason to know that Viagra had defects and was unreasonably
26 dangerous and was not what Defendant had represented to the medical community, the FDA
27 and the consuming public, including Plaintiff.

28

*Levin*
*Simes, LLP*

192.     Defendant omitted, suppressed, and/or concealed material facts concerning the dangers and risk of injuries associated with the use of Viagra including, serious injury and death.  Furthermore, Defendant was willfully blind to, ignored, downplayed, avoided, and/or otherwise understated the serious nature of the risks associated with the use of Viagra in order to increase sales.

193.     Defendant's misrepresentations and/or omissions were undertaken by Defendant with an intent that doctors and patients, including Plaintiff, rely upon them.

194.     Defendant's misrepresentations and/or omissions were undertaken with the intent of defrauding and/or deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of Viagra.

195.     Defendant's misrepresentations and/or omissions evinced the Defendant's callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

196.     Plaintiff's physician and Plaintiff relied on and were induced by Defendant's misrepresentations, omissions, and/or active concealment of the dangers of Viagra in selecting treatment.

197.     Plaintiff and Plaintiff's physicians did not know that the representations made by Defendant were false and were justified in relying upon Defendant's representations.

198.     Had Plaintiff been aware of the increased risk of side effects associated with Viagra and the relative efficacy of Viagra compared with other readily available alternative erectile dysfunction therapies, Plaintiff would not have taken Viagra.

199.     As a direct and proximate consequence of Defendant's misrepresentations, Plaintiff sustained injuries and damages alleged herein including specifically those alleged herein.

200.     Plaintiff relied on the misrepresentations made by Pfizer in purchasing and using Viagra.

Levin
Simes, LLP

201.    Plaintiff's reliance on Pfizer's misrepresentations was justified because such misrepresentations were made by entities that were in a position to know of and disclose any potentially harmful information concerning the use of Viagra.

202.    If Plaintiff had known of the information concealed by Pfizer regarding the melanoma-related risks posed by Viagra, Plaintiff would not have purchased and subsequently used Viagra.

203.    As a direct and proximate result of the negligent misrepresentations by Defendant, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

204.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

### FOURTEENTH CAUSE OF ACTION
### (Fraud and Deceit)

205.    Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

206.    At all times relevant hereto, Pfizer conducted a sales and marketing campaign to promote the sale of Viagra and willfully deceive Plaintiff, Plaintiff's healthcare providers, and the general public as to the benefits, health risks, and consequences of using Viagra.

207.    While conducting its sales and marketing campaign, Pfizer knew that Viagra is neither safe nor fit for human consumption; that using Viagra is hazardous to health; and that Viagra has a propensity to cause serious injuries, such as those suffered by Plaintiff.

208.    From the time the company first marketed and distributed Viagra until the present, Pfizer willfully deceived Plaintiff by concealing from him, his healthcare providers, and the general public the risks and dangers concerning the use of Viagra.

209.    Pfizer intentionally concealed and suppressed the facts concerning Viagra's melanoma-related risks with the intent to defraud potential consumers, as Pfizer knew that

healthcare providers would not prescribe Viagra, and consumers like Plaintiff would not use Viagra, if they were aware of the dangers posed by using Viagra.

210.   As a direct and proximate result of Pfizer's fraudulent and deceitful conduct, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

211.   **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

## <u>FIFTEENTH CAUSE OF ACTION</u>
### (Willful, Wanton, and Malicious Conduct)

212.   Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

213.   Pfizer directly or indirectly, maliciously and wantonly made, created, manufactured, designed, tested, labeled, supplied, packaged, distributed, promoted, marketed, advertised, warned, and/or sold Viagra.

214.   Pfizer breached its duty and was wanton and malicious in its actions, misrepresentations, and omissions in that it:

        a.   failed to test Viagra properly and thoroughly before releasing the drug to the market;

        b.   failed to analyze properly and thoroughly the data resulting from the pre-marketing tests of Viagra;

        c.   failed to report to the FDA, the medical community, and the general public those data resulting from pre- and post-marketing tests of Viagra which indicated risks associated with its use;

        d.   failed to conduct adequate post-market monitoring and surveillance of Viagra;

        e.   failed to conduct adequate analysis of adverse event reports;

f.  designed, manufactured, marketed, advertised, distributed, and sold Viagra to consumers, including Plaintiff, without an adequate warning of the significant and dangerous risks of Viagra and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

g.  failed to exercise due care when advertising and promoting Viagra;

h.  willfully and wantonly continued to manufacture, market, advertise, and distribute Viagra after Defendant knew or should have known of the risks of serious injury and/or death associated with using the drug;

i.  willfully and wantonly failed to use due care in the preparation and development of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

j.  willfully and wantonly failed to use due care in the design of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

k.  failed to conduct adequate pre-clinical testing and research to determine the safety of Viagra;

l.  failed to conduct adequate post-marketing surveillance and exposure studies to determine the safety of Viagra, while Defendant knew or should have known that post-marketing surveillance would be the only means to determine the relative risk of Viagra for causing such serious injury and death as alleged herein in the absence of clinical trials, and that such surveillance would be necessary for a due diligence program that would alert Defendant to the need to change the drug's warnings or to withdraw it from the market altogether;

m.  failed to completely, accurately and in a timely fashion, disclose the results of the pre-marketing testing and post-marketing surveillance and

testing to Plaintiff, Plaintiff's physicians, other consumers, the medical community, and the FDA;

n.   failed to accompany Viagra with proper warnings regarding all possible adverse side effects associated with the use of the same;

o.   willfully and wantonly failed to use due care in the manufacture, inspection, and labeling of Viagra to prevent the aforementioned risk of injuries to individuals who used the drug;

p.   willfully and wantonly failed to use due care in the promotion of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

q.   willfully and wantonly failed to use due care in the sale and marketing of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

r.   willfully and wantonly failed to use due care in the selling of Viagra to prevent the aforementioned risk of injuries to individuals when the drug was ingested;

s.   failed to provide adequate and accurate training and information to the sales representatives who sold the drug;

t.   failed to provide adequate and accurate training and information to healthcare providers for the appropriate use of Viagra;

u.   failed to conduct or fund research into the development of medications of this type which would pose the least risk of causing serious injury and death as alleged herein, into the early detection of persons who might be most susceptible to such reactions, and into the development of better remedies and treatment for those who experience these tragic adverse reactions;

v.   failed to educate healthcare providers and the public about the safest use of the drug;

Levin
Simes, LLP

w. failed to give healthcare providers adequate information to weigh the risks of serious injury and/or death for a given patient; and

x. otherwise behaved willfully, wantonly, and maliciously.

215. Pfizer knew or should have known that Viagra was unreasonably dangerous and could cause serious injuries, including death.

216. As a direct and proximate result of the wanton and malicious acts and omissions of Pfizer, the Plaintiff sustained injuries and damages alleged herein.

217. As a direct and proximate result of Pfizer's willful, wanton and malicious conduct, Plaintiff suffered significant pain, injury, suffering, and economic damages incurred through cancer treatment from melanoma caused by Viagra use.

218. **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks damages as detailed in the Global Prayer for Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

## SIXTEENTH CAUSE OF ACTION
### (Unjust Enrichment)

219. Plaintiff adopts and incorporates all preceding paragraphs as if stated fully herein.

220. At all times relevant to this action, Defendant designed, advertised, marketed, promoted, manufactured, distributed, supplied, and/or sold Viagra.

221. Plaintiff purchased Viagra for the purpose of achieving and maintaining an erection.

222. Defendant has accepted payment from Plaintiff for the purchase of Viagra.

223. Plaintiff did not receive the safe and effective pharmaceutical product for which Plaintiff intended to purchase.

224. It is inequitable and unjust for Defendant to retain this money because the Plaintiff did not in fact receive the product Defendant represented Viagra to be.

225. Based on the foregoing, Plaintiff is entitled to equitable relief against Defendant on account of its unjust enrichment.

Levin
Simes, LLP

1    226.    **WHEREFORE,** Plaintiff demands judgment against Defendant and seeks

2    damages as detailed in the Global Prayer for Relief including: compensatory damages,

3    exemplary damages, and punitive damages, together with interest, the costs of suit and

4    attorneys' fees, and such other and further relief as this Court deems just and proper.

5    <div align="center">**PUNITIVE DAMAGES**</div>

6    227.    Prior to the manufacturing, sale, and distribution of Viagra, Pfizer knew that said

7    medication was in a defective condition as previously described herein, and knew that those

8    who were prescribed the medication would experience and had already experienced severe

9    physical, mental, and emotional injuries.

10   228.    Pfizer, through its officers, directors, managers, and agents, knew that Viagra

11   presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and, as

12   such, Pfizer unreasonably subjected consumers of said drugs to risk of injury or death from

13   using Viagra.

14   229.    Pfizer and its agents, officers, and directors intentionally proceeded with the

15   manufacturing, sale, and distribution and marketing of Viagra knowing these actions would

16   expose persons to serious danger in order to advance the company's market share and profits.

17   230.    The acts, conduct, and omissions of Pfizer, as alleged throughout this Complaint,

18   were willful and malicious.

19   231.    Pfizer's unconscionable conduct warrants an award of exemplary and punitive

20   damages against the company.

21   <div align="center">**GLOBAL PRAYER FOR RELIEF**</div>

22   **WHEREFORE**, Plaintiff prays judgment against Pfizer as follows:

23   A.    Declare, adjudge and decree the conduct of Defendant as alleged herein

24   to be unlawful;

25   B.    Actual, compensatory, punitive and/or exemplary damages in such

26   amount to be determined at trial and as provided by applicable law;

27   C.    Costs of suit, including reasonable attorneys' fees, and expenses as

28   provided by law; and

*Levin*
*Simes, LLP*

1  Other, further, and different relief as the nature of the case may require or as may be determined

2  to be just, equitable, and proper by this Court.

3  ### **DEMAND FOR JURY TRIAL**

4      Plaintiff Garry Lawrence Wolf Sr. demands a trial by jury.

Dated: July 6, 2016.                     LEVIN SIMES, LLP


/s/ *Rachel Abrams*
Rachel Abrams
LEVIN SIMES, LLP
44 Montgomery Street, 32nd Floor
San Francisco, CA, 94104
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001


JOHNSON BECKER, PLLC
Lisa Ann Gorshe
(Admitted *Pro Hac Vice*)
Michael K. Johnson
(Admitted *Pro Hac Vice*)
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota  55402
Telephone: (612) 436-1800
Facsimile: (612) 436-1801
Email: lgorshe@johnsonbecker.com
      mjohnson@johnsonbecker.com

COMPLAINT

*Levin*
*Simes, LLP*